PERRY S. FRIEDMAN
236 West 26th Street
Suite 303
New York, New York 10001
PSF-3976
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
…………………………………………...…….x
TREVOR BURKE

               Plaintiff

  -against-

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.

              Defendant.
………………………………………………x

Docket No.

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff TREVOR BURKE by and through his attorney of record PERRY S. FRIEDMAN as and for his Complaint against Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. herein complains of Defendant and alleges as follows:

**JURISDICTION, VENUE AND EXHAUSTION OF
ADNINISTRATIVE REMEDIES**

1. This action is brought for declaratory and injunctive relief and money damages pursuant to Title I and Title V of the Americans with Disabilities Act (also referred to herein as the "ADA") as amended 42 U.S.C § 12101 *et. seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq, (*also referred to herein as "Title VII") as amended, the New York State Human Rights Law, N. Y. Executive Law §290 et. seq. (also referred to herein as the "New York State Human Rights Law") and the New York City Human Rights Law and the

New York City Administrative Code §8-107, et. seq. (also referred to herein as the "New York City Human Rights Law.").

2. This Court has jurisdiction over this matter under 42 USC §2000e-5(f) and under 28 U.S.C. §§ 1331 and 1343 (a) (4). Plaintiff has satisfied all necessary administrative and jurisdictional prerequisites required under Title VII and the ADA.

3. The Court further has jurisdiction over the State cause of action pursuant to 28 U.S.C. §§ 1332 and 1367, because the State law claim is so related to the federal claim that they form part of the same case or controversy.

4. Venue herein is proper under 28 U.S.C. § 1391 (b). This claim arose in substantial part in the State of New York. All of the events complained of took place in the State of New York. The unlawful employment practices complained of herein took place in the State of New York. In addition, upon information and belief, the employment records relevant to such unlawful practices are maintained and administered in the State of New York. Moreover, the actions complained of took place in the Southern District of New York, which is the Defendant's principal place of business.

5. On or about December 14, 2021, the Plaintiff filed with the U.S. Equal Employment Opportunity Commission New York District Office ("EEOC") a complaint alleging race and disability discrimination, on the part of his employer, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. (hereinafter referred to herein as "CON EDISON") under EEOC Charge Number 520-2021-04918.

6. On or about December 14, 2022 the Plaintiff, through his counsel requested from the EEOC a Notice of Right to Sue in that more than 180 days had elapsed after the filing of the EEOC charge.

7. On or about December 14, 2022, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") to the Plaintiff which was posted on the EEOC portal and received by the Plaintiff on January 3, 2023.

## PARTIES

8. Plaintiff TREVOR BURKE , (hereinafter referred to as "BURKE") is an African-American male. He currently resides at 827B Trinity Avenue, Bronx, New York.

9. BURKE was employed by Defendant, CON EDISON from November 2014 until September 9,. 2021 as a Gas Troubleshooter Mechanic.

10. At all times herein mentioned CON EDISON was and still is a domestic corporation licensed to business in the State of New York, was an employer within the definitions contained in 42 U.S.C. §2000e (a) and (b), as amended in 1972, employed more than fifteen (15) employees for each working day on each of twenty or more calendar weeks in the current or proceeding calendar year and was engaged in an industry affecting commerce and at all times was located at 4 Irving Place, New York, New York 10003.

## FACTS

11. On or about September 9, 2020, BURKE was involved in a motor vehicle accident[1] while performing his duties as a Gas Troubleshooter Mechanic. As a

---

[1] At the time of the accident, BURKE was sitting in his parked CON EDISON truck when it was hit in the back by another CON EDISON truck which caused his truck to hit another truck.

result of the accident BURKE suffered severe injuries to his heart, which required emergency open heart surgery and to his left knee.

12. As a result of the aforesaid injuries BURKE was unable to perform his duties as a Gas Troubleshooter Mechanic for over 11 months. He was on disability leave during that time period.

13. Pursuant to the Collective Bargaining Agreement between CON EDISON and BURKE's union, Utility Workers Union of America, AFL-CIO LOCAL 1-2 , disability leave lasts for one year.  If the worker is disabled for over one year his employment is terminated.  In BURKE's case the last day of his disability leave would be September 9, 2021.  If BURKE could not return to his job by that date he would be terminated.

14. In July 2021 BURKE was examined by a doctor from Met Life to ascertain whether he was totally disabled and therefore entitled to benefits under his group life insurance policy.  The doctor found that he was partially disabled and even if he was unable to return to work as a gas trouble shooter mechanic, that based on the Vocational Employability Assessment that was conducted he could be employed by CON EDISON either as a Repair Order Clerk, a Deliverer Outside or as an Assembler Production.  Upon information and belief, CON EDISON was aware of this report.

15. On or about August 27, 2021 BURKE was cleared by his doctor to return to work with one restriction. BURKE immediately attempted to make an appointment with a CON EDISON doctor so he would be able to return to work.  It was not until September 7, 2021 that someone from CON EDISON's Human Resources

Department finally responded to him. She instructed BURKE to obtain a written letter from his physician clearing him to return to work. She also made an appointment for BURKE to be examined by a Con Edison doctor on September 9, 2021, the last day of BURKE's disability leave before he would be automatically terminated.

16. On or about September 7, 2021, BURKE obtained a written letter from his physician, Gabriele Di Luozzo, MD. The letter stated in relevant part that BURKE was being medically cleared to return to work as of September 8, 2021. The letter further stated that his medical condition did not permit him to lift over 25 pounds. Aside from the aforesaid weight carrying restriction there were no other restrictions contained in the letter. A copy of Dr. Luozzo's letter is attached herein as Exhibit A.

17. On September 9, 2021 BURKE was examined by a CON EDISON doctor who cleared him to return to work except that he changed the weight carrying restriction from 25 pounds to 20 pounds.

18. After BURKE learned that he was cleared to return to work he informed CON EDISON's Human Resources Department and his planner, Kevin Moore. Mr. Moore instructed BURKE to report to work the next day.

19. About two hours after his phone call with Mr. Moore, BURKE received a telephone call from the CON EDISON doctor who had examined him. The doctor instructed BURKE not to report to work the next day. BURKE asked the doctor why he could not return to work, but he was not given a reason. The doctor did

not tell BURKE that he did not pass his physical and did not say that he was unable to perform the essential functions of his job.

20. After the aforesaid telephone conversation was completed, BURKE telephoned Mr. Moore to confirm that he was not to return to work. Mr. Moore told him he was to report to work the next day.

21. Later that same day [September 9, 2021] BURKE received a telephone call from his union representative who told him not to report to work the next day because he had been terminated and that if he was on CON EDISON's property he would be considered to be trespassing.

22. BURKE never received any written notification from CON EDISON that he had been terminated and CON EDISON never gave BURKE a reason for his termination. The first time that BURKE received an explanation for his termination was after he filed a discrimination charge with the EEOC.

23. CON EDISON at no time entered into an interactive process with BURKE regarding him receiving an accommodation and at no time offered him any of the jobs that had been listed in the Met Life report.

24. CON EDISON did not terminate Donny Fox, ("Fox"), a white gas troubleshooter mechanic who, like BURKE suffered from a heart condition.[2] As a result of Fox' heart condition, he no longer has duties that require intense physical labor (which included a weight carrying restriction), he has a partner (most troubleshooters work alone), he has a driver and he mainly works in the meter department.

---

[2] Upon information and belief, Mr. Fox had suffered 5 heart attacks.

25. BURKE and Fox are both gas troubleshooter mechanics and both have heart conditions that require weight carrying restrictions[3], however, while Fox was not terminated and upon information and belief remains employed by CON EDISON, BURKE's employment was terminated. The only difference between Fox and BURKE is that Fox is white and Burke is Black.

## COUNT I

## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITES ACT

26. BURKE repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" of the Complaint with the same force and effect as if fully set forth at length.

27. At all relevant times BURKE has been a qualified individual with a disability within the meaning of the ADA , 42 U.S.C. §12102 (A) (B) (C).  More particularly as a result of a motor vehicle accident that occurred while employed by CON EDISON, BURKE sustained severe injuries to his heart and his left knee that substantially limits one or more of his life activities.

28. BURKE is a qualified individual with a disability within the meaning of ADA 42 U.S.C.§ 12111 (8) and C.F.R. 1630.2 (h) (1).

29. CON EDISON was BURKE's employer and it is covered by the terms of the ADA.

30. CON EDISON terminated BURKE's employment because he suffered injuries to his knee and to his heart.

---

[3] Upon information and belief Mr. Fox has more than a weight carrying restriction.  He is extremely restricted regarding what duties he can perform as a gas troubleshooter mechanic.

31. BURKE was able to perform the essential functions of his job with the exception having a weight carrying restriction of 25 pounds[4]

32. The aforesaid weight carrying restriction would not have prevented BURKE from carrying out the essential functions of his job.

33. The aforesaid action by CON EDISON in wrongfully terminating BURKE's employment constitutes discrimination against BURKE with respect to the terms, conditions or privileges of his employment. CON EDISON's action in wrongfully terminating BURKE'S employment constitutes a violation of the ADA.

34. CON EDISON acted with malice and/or with reckless indifference to the statutory rights of the Plaintiff.

35. As a direct and proximate result of CON EDISON's discrimination on the basis of disability or perceived disability BURKE has suffered loss of income, fringe benefits, emotional harm and lost employment opportunities.

36. As a consequence of CON EDISON's employment practices BURKE is entitled to compensatory damages.

37. CON EDISON'S intentional violation of the ADA was willful and therefore BURKE is entitled to punitive damages.

38. By reason of the foregoing, in that CON EDISON's actions were willful BURKE is entitled to a judgment requiring it to pay appropriate back pay, an equal sum as liquidated damages, punitive damages, attorneys' fees and any prejudgment interest in amounts to be proved at trial.

---

[4] For reasons that are yet to be explained the doctor from Con Edison who examined BURKE, changed the weight restriction to 20 pounds but cleared BURKE to return to work.

## COUNT II

### RACE DISCRIMINATION UNDER TITLE VII
### of the CIVIL RIGHTS ACT OF 1964 as AMENDED

39. Plaintiff BURKE repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "38" of the Complaint with the same force and effect as if fully set forth at length herein.

40. Defendant CON EDISON discriminated against BURKE in violation of Title VII of the Civil Rights Act of 1964 as amended because it subjected him to disparate treatment and adverse employment actions on the basis of his race and his color.

41. CON EDISON by and through its actions, omissions, conduct and behavior treated BURKE in a manner differently than his comparators who were not members of his protected class by reason of his race and color in that he was terminated from his employment because of his heart condition and other injuries, while his white comparator Donny Fox who had a heart conditions and had more restrictions than BURKE was permitted to remain employed by CON EDISON with his restrictions and upon information and belief remains employed by CON EDISON to date.

42. CON EDISON's aforesaid illegal employment practices were performed with malice and indifference to BURKE's civil rights.

43. There was no legitimate business reason that BURKE could not have received the same accommodations as Fox. In fact, upon information and belief, Fox was under more restrictions than BURKE. The only difference between Fox and BURKE is that Fox is white and BURKE is Black.

44. CON EDISON by and through its actions, omissions, conduct, and behavior violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq.*

45. Defendant CON EDISON's aforesaid illegal employment practices were performed with malice and reckless indifference to BURKE's protected civil rights.

46. The foregoing actions, omissions and conduct of CON EDISON were because of BURKE's race and color in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq.*

47. CON EDISON provided inadequate avenues of complaint for employees suffering the treatment alleged in this complaint.

48. As a result of CON EDISON's discrimination, BURKE suffered loss of income and fringe benefits and emotional harm.

49. As a result of the aforementioned, BURKE has been damaged in a sum to be determined at trial and also claims punitive damages, attorneys' fees and any prejudgment interest in amounts to be proved at trial.

## COUNT III

### DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

50. Plaintiff BURKE repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "49" of the complaint with the same force and effect as if fully set forth at length.

51. Defendant CON EDISON discriminated against BURKE on the basis of his disability, race and color in violation of the New York State Human Rights Law because it subjected him to adverse employment actions by reason of the injuries that he suffered during his employment (to his heart and left knee) and by reason of his race and color..

52. Defendant CON EDISON acted willfully, maliciously and in patent disregard of BURKE's rights pursuant to the New York State Human Rights Law.

53. As a result of the foregoing, BURKE is entitled to a judgment requiring it to pay appropriate back pay, compensatory damages, and any prejudgment interest in amounts to be proven at trial.

### COUNT IV

### FOR DISCRIMINATION
### UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

54. Plaintiff BURKE repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "53" of the complaint with the same force and effect as if fully set forth at length herein.

55. Defendant CON EDISON has discriminated against BURKE in its terms, conditions and privileges of his employment because of injuries that he suffered while employed by CON EDISON (injuries to his heart and left knee) and by reason of his race and color in violation of the New York City Human Rights Law.

56. BURKE suffered damages as a result of defendant CON EDISON's discriminatory conduct and is entitled to compensation for mental anguish, emotional distress, loss of economic potential, lost earnings and was caused to

11

incur attorneys' fees, costs and expenses in prosecuting his rights in connection therewith.

57. As a result of the aforementioned, BURKE has been damaged in a sum to be determined at trial and also claims punitive damages.

**WHEREFORE,** Plaintiff respectfully requests that this Court find in his favor and against Defendant as follows,

**(A)** On the First Count

 (1) A declaratory judgment that Defendant CON EDISON discriminated against the Plaintiff and committed adverse employment actions in violation of his rights so guaranteed by the Americans with Disabilities Act as amended 42 U.S.C § 12101 *et. seq.;*

 (2) That the Plaintiff obtain judgment against the Defendant CON EDISON requiring it to pay appropriate back pay, and equal sum as liquidated damages and prejudgment interest in amounts to be proven at trial;

 (3) That the Plaintiff be awarded punitive damages as he may be entitled to under the law;

 (4) That pursuant to 42 U.S.C. § 12205 that Plaintiff be awarded the costs of this action including reasonable attorneys' fees.

**(B)** On the Second Count

 (1) A declaratory judgment that Defendant CON EDISON discriminated against the Plaintiff in a disparate fashion and committed adverse employment actions in violation of his rights as guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq;*

    *(2)* That the Plaintiff be awarded such compensatory damages and punitive damages as he may be entitled to under the law;

    *(3)* That pursuant to 42 U.S.C. §2000e-5(k) that the Plaintiff be awarded the costs of this action, including an award of reasonable attorneys' fees.

**(C)** On the Third Count

    (1) Actual damages for loss of compensation, including wages, salary and benefits, in an amount to be determined at trial plus interest;

    (2) Compensatory Damages in an amount to be determined at trial, for emotional distress and mental anguish sustained by plaintiff;

    (3) That the Plaintiff be awarded the costs of this action, including an award of reasonable attorneys' fees.

**(D)** On the Fourth Count

    (1) Actual damages for loss of compensation, including wages, salary and benefits, in an amount to be determined at trial plus interest;

    (2) That the Plaintiff be awarded such compensatory damages and punitive damages as he may be entitled to under the law;

    (3) That the Plaintiff be awarded the costs of this action, including an award of reasonable attorneys' fees.

(E)  For such other and further relief that this Court may deem just and proper.

Dated: New York, New York
March 13, 2023

*Perry S. Friedman*
PERRY S. FRIEDMAN (PSF 3976)
Attorney for Plaintiff
Office and P.O. Address
236 West 26th Street-Suite 303
New York, New York 10001
(212) 888-6172