UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Burke,

|                                        Plaintiff(s),

v.

Consolidated Edison Company of New York,
Inc.,

|                                        Defendant(s).

23-CV-2111 (DEH)

ORDER

DALE E. HO, United States District Judge:

On May 6, 2026, the parties met for a final pretrial conference.  The Court considered the parties' respective Motions in Limine.  ECF Nos. 86, 87, 114, 117.  The Court also considered Plaintiff's motion for leave to use deposition testimony of Joel Pacheco at trial.  ECF No. 116. For the reasons stated on the record during the conference, and without prejudice to renewal in the event of changed circumstances:

Plaintiff's Omnibus Motion in Limine, ECF No. 86, is **GRANTED in part and DENIED in part**.  The Motion is **GRANTED** as to (1) the exclusion of evidence or argument concerning Plaintiff's receipt of Long Term Disability ("LTD") benefits; (2) the exclusion of video evidence of Plaintiff's car accident; and (3) the exclusion of lay opinion testimony regarding conclusions as to Plaintiff's qualifications for vacant positions.  The Court reserves judgment on the exclusion of evidence or argument concerning Plaintiff's withdrawal of his union grievance.  Plaintiff's omnibus motion is **DENIED** as to all other issues.

Defendant's Omnibus Motion in Limine, ECF No. 87, is **DENIED**.

Plaintiff's supplemental Motion in Limine, ECF No. 114, is **GRANTED**.

Defendant's supplemental Motion in Limine, ECF No. 117, is **GRANTED** as to the exhibits Plaintiff seeks to admit and **DENIED** in all other respects.

Plaintiff's motion for leave to use deposition testimony of Joel Pacheco at trial, ECF No. 116, is **GRANTED**. Defendant shall file any counter-designations and objections to this testimony by **12 P.M.** on **May 8, 2026**. Plaintiff shall file any objections to Defendant's counter-designations, and responses to Defendant's objections, by **May 9, 2026**. Defendant shall file any responses to Plaintiff's objections to counter-designations by **May 10, 2026**.

Further, by **May 8, 2026**, the parties shall file a joint letter with the Court in which Plaintiff shall provide any authority for Plaintiff's position that, for purposes of admissibility, there is a meaningful distinction between evidence regarding the initiation of the union grievance process and evidence regarding the withdrawal from that process. Defendant shall provide any authority for its position that the duty to mitigate requires full completion of the grievance process. The parties may file objections to these positions by **5 P.M.** on **May 10, 2026**. Additionally, the parties shall meet and confer to see if they can find resolution with respect to the dispute about the completeness of PX-5 and DX-22, as well as with respect to the timing of disclosures of any demonstratives. The joint letter shall update the Court on these discussions.

The Clerk of Court is respectfully directed to terminate ECF Nos. 86, 87, 114, 116, and 117.

SO ORDERED.

Dated: May 7, 2026
      New York, New York

DALE E. HO
United States District Judge

2