UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR BURKE,

Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendant.

23 Civ. 2111 (DEH)

**OPINION**
**AND ORDER**

DALE E. HO, United States District Judge:

Defendant Consolidated Edison Company of New York, Inc. ("Con Edison") moves to exclude the testimony of Plaintiff Trevor Burke's expert witness, Gary Young, regarding damages. For the reasons stated below, the motion is **GRANTED IN PART and DENIED IN PART**.

**LEGAL STANDARD[1]**

The district court is "the ultimate 'gatekeeper'" of expert testimony, *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007), and must ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable," *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The court must determine the admissibility of expert opinion testimony under Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

In assessing reliability, a court should consider, among other factors, (1) whether the expert's theory "can be (and has been) tested;" (2) whether the theory "has been subjected to peer review and publication;" (3) the "known or potential rate of error;" (4) whether the theory has "widespread acceptance," (5) whether an expert's opinion was developed for litigation, and (6) whether the expert has accounted adequately for obvious alternative explanations. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 420 (S.D.N.Y. 2005).

"The proponent of the testimony has the burden to show that it is relevant and reliable and must do so by a preponderance of the evidence." *Faulkner v. Nat'l Geographic Soc'y*, 576 F. Supp. 2d 609, 619 (S.D.N.Y. 2008). If an expert opinion is based on "data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002). However, "[i]t is well-established that the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, . . ." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (internal quotation marks and citation omitted). The court should apply "a presumption of admissibility of evidence." *Borawick v. Shay*, 68 F.3d 597, 610 (2d Cir. 1995). Thus, "[a]lthough expert testimony should be excluded if it is speculative or conjectural, . . . or to be in essence an apples and oranges comparison, . . . other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." *Boucher*, 73 F.3d at 21 (cleaned up). And, "[i]n a close case, a court should permit the testimony to be presented at trial, where it can be tested by cross-examination and measured against the other evidence in the case." *Lippe v. Bairnco Corp.*, 288 B.R. 678, 700 n.6 (S.D.N.Y. 2003).

**DISCUSSION**

The Court assumes familiarity with the facts of the case and the basis for this motion, which is set forth in transcript of today's trial proceedings.

As a threshold matter, Con Edison argues that Young's testimony should be excluded for failure to comply with the disclosure requirements of Rule 26(a)(2)(B) with respect to compensation and past testimony. "Excluding expert testimony is a drastic remedy, and should be used sparingly, even when there has not been strict compliance with Rule 26, because exclusion may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 138 F. Supp. 3d 352, 398-99 (S.D.N.Y. 2015) (cleaned up). The facts of this case are somewhat unusual, involving multiple changes of counsel among the parties, an expert report that was disclosed almost two years ago in July 2024, and a motion to exclude on the basis of the failure to disclose the expert's compensation and past testimony that was not made until trial had already commenced. While it is a proponent's burden to satisfy Rule 26(a)(2)(B)'s disclosure requirements, Con Edison has had Young's report for almost two years, but never asked Plaintiff for the missing information. It did not even raise this point in its pretrial motions in limine; rather, it first asked questions about Young's compensation and past testimony during voir dire of the witness (and the answers appeared to be unremarkable). While Con Edison believed that Plaintiff's expert report was untimely and would be excluded on that basis, the Court has already rejected that argument, and that misplaced belief cannot excuse the failure to raise a basic question like this in a timely manner. Absent something unusual about Young's compensation or past testimony or some other showing

3

of prejudice (which the Court cannot find on the record before it), the Court concludes that drastic remedy of exclusion is unwarranted under the circumstances presented here.[2]

Con Edison's central argument here is that Young's calculation of Plaintiff's lost wages is unreliable because it is based on Mr. Burke's prior employment as a gas troubleshooter, and not on what Mr. Burke's salary would be if he had been given his requested accommodation of being moved into a clerical role at Con Edison. Con Edison contends that this incorrect input renders Young's economic loss calculation wholly unreliable. The Court ultimately agrees.

"Where lost future earnings are at issue, an expert's testimony should be excluded as speculative if it is based on unrealistic assumptions. . . ." *Boucher*, 73 F.3d at 21 (excluding expert testimony based on assumption that plaintiff, whose "sporadic employment had yielded fluctuating low levels of income, with long spells of no income whatsoever," would "work 40 hours per week, 52 weeks per year, with fringe benefits and regular pay increases, for the rest of his career"). "*Boucher*'s holding that an expert may not rely upon unrealistic and speculative assumptions also applies to projections concerning the *amount* of lost earnings." *Phelps v. CBS Corp.*, No. 17 Civ. 8361, 2020 WL 7028954, at *4 (S.D.N.Y. Nov. 30, 2020) (Nathan, J.) (emphasis added).

Knowing how to apply these principles can be somewhat challenging. As Judge Vargas recently put it:

> Any calculation of future earnings is to some extent a predictive exercise, subject to a degree of uncertainty. How long would a person have worked? How long would

---

[2] Ordinarily, the remedy for an untimely disclosure of certain information is the exclusion of the undisclosed information, rather than of the witness's testimony in its entirety. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide *information* or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use *that information* or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.") (emphasis added); *see also Rodriguez v. Village of Port Chester*, 535 F. Supp. 3d 202, 209-10 (S.D.N.Y. 2021); *Congregation Rabbinical Coll. of Tartikov, Inc.*, 138 F. Supp. 3d at 398. Here, there is no indication of any intention to rely on the undisclosed information at trial.

> they be expected to live? How long would they have stayed at a particular job? Would they have been promoted or received bonuses? Would they have been subject to lay offs or medical crises that would have limited their earnings? Would they have changed their careers at some point in the future? That future events are inherently unknowable does not mean future earnings are unrecoverable. Rather, the uncertainty highlights why courts insist that any such calculations be grounded in a sufficient factual predicate, to ensure that damages can be reasonably estimated.

*Dixon v. Reid*, No. 23 Civ. 9878, 2025 WL 2417299, at *6 (S.D.N.Y. Aug. 21, 2025). Here, the Court concludes that there is not, on the record before it, a sufficient "factual predicate" for Young's ultimate conclusion as to the economic loss Mr. Burke has suffered, found on pages 14 to 17 of his report. This calculation is based on Mr. Burke's earnings from a job to which he is not, through the claims presented at trial, seeking reinstatement. It is not based on the job to which he claims he was entitled via his reasonable accommodation claim. Young's opinion in this respect is therefore an unreliable "apples and oranges" comparison, and is therefore inadmissible. *Boucher*, 73 F.3d at 21. The motion to exclude is **GRANTED** as to that portion of his opinion.

There has been no basis offered to excluded any other portions of Young's anticipated opinion testimony, and therefore the motion is **DENIED**, as to all other aspects of his testimony.

All of that being said, Con Edison does not appear to object to Young's use of the RAPEL methodology for calculating lost wages, which is generally accepted by courts as reliable. *See, e.g.*, *Morgan v. Jaques*, No. 08 Civ. 64, 2010 WL 11537864, at *3 (D. Vt. Oct. 5, 2010) (describing method as "generally accepted within the relevant scientific community") (cleaned up); *Rios v. Ramage*, No. 19 Civ. 2602, 2021 WL 2255050, at *9 (D. Kan. June 3, 2021) (citing *Morgan* for the validity of the RAPEL method). Nor does Con Edison appear to challenge Young's math in applying the RAPEL methodology. Rather, its objection appears to be limited only to the wage input Young used to calculate his estimate as to Mr. Burke's economic losses. Assuming that is correct, then to the extent that Plaintiff can adduce evidence to lay a foundation for a proper input

(that is—evidence regarding what Mr. Burke's wages would have been in any vacant position into which he contends he should have been placed as a reasonable accommodation), Young will not be precluded from applying the RAPEL methodology as utilized in his expert report to such a figure—provided that his calculations are produced to Defendant well in advance of any such testimony.

The Court will address this matter further with the parties at the start of the trial day tomorrow, 9:15 AM on May 13, 2026.

SO ORDERED.

Dated: May 12, 2026

New York, New York

_____
DALE E. HO
United States District Judge

6