UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR BURKE,<br><br>              Plaintiff,<br><br>        v.<br><br>CONSOLIDATED EDISON COMPANY OF<br>NEW YORK, INC.,<br><br>              Defendant. | 23-CV-2111 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

Attached to this Order are: (1) the parties' stipulations (Court Exhibit 1); (2) the jury

charge and blank verdict form in this case (Court Exhibit 7); (3) the notes sent by the jury during

its deliberations (Court Exhibits 2-5); and (4) the jury's verdict form (Court Exhibit 6), with juror

signatures redacted.

SO ORDERED.

Dated:  May 18, 2026
         New York, New York

_____
          DALE E. HO
     United States District Judge

# COURT EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TREVOR BURKE,<br><br>                    Plaintiff,<br><br>-against-<br><br>CONSOLIDATED EDISON COMPANY OF<br>NEW YORK, INC.,<br><br>                    Defendant. | Civil Action No. 1:23-cv-02111-DEH |

## STIPULATIONS OF FACT

1. Plaintiff Trevor Burke started working for Con Edison in November 2014.

2. Plaintiff was out of work on paid sick leave from September 14, 2020 to April 14, 2021.

3. Plaintiff was out of work on unpaid sick leave from April 15, 2021 to September 9, 2021.

4. During the time period of September 2021 to October 2021, Plaintiff was disabled due to medical restrictions limiting him from lifting more than approximately 20–25 pounds.

5. Upon the expiration of Plaintiff's sick leave in September 2021, Plaintiff could not perform the essential functions of the Gas Troubleshooter position due to his lifting restriction.

6. During the time period of September 9, 2021 to October 2021, Con Edison was aware that Plaintiff was disabled due to medical restrictions limiting him from lifting more than approximately 20–25 pounds.

# COURT EXHIBIT 2

# United States District Court
## Southern District Of New York
### 40 Foley Square
### New York, New York 10007

**Dale E. Ho**
**United States District Judge**

## JURY NOTE

Is paid sick leave considered an accommodation ~~come~~ or benefit under the ~~proo~~ ADA law?

DATE: May 15, 2026

TIME: 12:56 PM

FOREPERSON'S SIGNATURE

---

THIS SECTION IS FOR COURT USE ONLY

COURT EXHIBIT# 2
DATE RECEIVED: 5/15/26
TIME RECEIVED: 1:03 pm

**COURT EXHIBIT 3**

# United States District Court
## Southern District Of New York
### 40 Foley Square
### New York, New York 10007

**Dale E. Ho**
**United States District Judge**

## JURY NOTE

Is it considered an accommodation if the employer is offering accommodation to someone who has been terminated?

DATE: May 15, 2026

TIME: 12:50PM

FOREPERSON'S SIGNATURE

---

THIS SECTION IS FOR COURT USE ONLY

COURT EXHIBIT# 3
DATE RECEIVED: 5/15/26
TIME RECEIVED: 1:03pm

# COURT EXHIBIT 4

# United States District Court
## Southern District Of New York
### 40 Foley Square
### New York, New York 10007

**Dale E. Ho**
**United States District Judge**

# JURY NOTE

Can you provide transcript from Maha's testimony from Trial Transcipt Day 3, refering/referancing ~~data~~ how and when the 3 vacant positions were identified.

DATE: May 15, 2026

FOREPERSON'S SIGNATURE

TIME: 3:28 PM

---

THIS SECTION IS FOR COURT USE ONLY

COURT EXHIBIT# 4
DATE RECEIVED: 5/15/2026
TIME RECEIVED: 3:34 pm

# COURT EXHIBIT 5

we have a verdict.



5/18/26
4:16PM

# COURT EXHIBIT 6

## JURY VERDICT FORM

*NOTE: BEFORE ANY ANSWER CAN BE MADE TO ANY OF THE QUESTIONS LISTED BELOW, THERE MUST BE UNANIMOUS AGREEMENT AS TO THE ANSWER.*

### SECTION A: LIABILITY

1. Has Plaintiff proven, by a preponderance of the evidence, that there were one or more vacant positions at Con Edison?

   Yes ___✓___     No _____

   *If "No," you must skip to Question 6, and you must find in favor of Defendant on that question.*

2. Has Plaintiff proven, by a preponderance of the evidence, that Plaintiff was qualified for any vacant position at Con Edison, in that he was able to perform the essential functions of any of those positions, with or without reasonable accommodation?

   Yes _____     No ___✓___

   *If "No," you must skip to Question 6, and you must find in favor of Defendant on that question.*

3. Has Plaintiff proven, by a preponderance of the evidence, that Defendant failed to provide Plaintiff with that accommodation, or offer him some other kind of accommodation?

   Yes _____     No _____

   *If "No," you must skip to Question 6, and you must find in favor of Defendant on that question.*

4. Has Defendant proven, by a preponderance of the evidence, that any failure to engage in an interactive process to determine whether a reasonable accommodation was available was due to Plaintiff's failure to engage in good-faith?

   Yes _____     No _____

   *If "Yes," you must skip to Question 6 and you must find in favor of Defendant on that question.*

5.  Has Defendant proven, by a preponderance of the evidence, that providing a reasonable accommodation would have imposed an undue hardship on Defendant's business?

Yes _____    No _____

*If "Yes," you must find in favor of Defendant on Question 6.*

*If you answered "Yes" to Questions 1 through 3, and "No" to Questions 4 and 5, you must find for Plaintiff on Question 6.*

6.  On Plaintiff's claims, we, the jury, find in favor of:

Plaintiff (Trevor Burke) _____    Defendant (Con Edison) _✓_

**If you found for Plaintiff Trevor Burke, please proceed to Section B.**

**If you found for Defendant Con Edison, you are finished with your deliberations. Please skip all remaining questions, have the foreperson sign the verdict sheet, and notify the Court that you have concluded your deliberations.**

## SECTION B: DAMAGES

1.  Did Plaintiff prove, by a preponderance of the evidence, that he suffered lost wages because of Defendant's failure to provide a reasonable accommodation for his disability?

    Yes _____     No _____

    *If "Yes," continue to Question 2. If "No," skip to Question 5.*

2.  Did Defendant prove, by a preponderance of the evidence, that Plaintiff failed to make any reasonable efforts to seek suitable employment?

    Yes _____     No _____

    *If "Yes," skip to Question 7. If "No," continue to Question 3.*

3.  Did Defendant prove, by a preponderance of the evidence, that suitable employment was available, and Plaintiff did not make reasonable efforts to obtain those positions?

    Yes _____     No _____

4.  What amount of past lost wages (back pay) do you award Plaintiff?

    In calculating this amount, you must deduct wages Plaintiff actually earned from other employment. If you answered "Yes" to Question 3, you must also reduce the amount by the wages you find Plaintiff could have earned had he made reasonable efforts to obtain suitable employment.

    $ _____

5.  Did Plaintiff prove, by a preponderance of the evidence, that it is reasonably certain he would have earned future earnings if Defendant had reassigned him to a vacant position?

    Yes _____     No _____

    *If "Yes" continue to Question 6. If "No" proceed to Question 7.*

3

6.  What amount of front pay do you award Plaintiff?

In calculating this amount, you should consider when Plaintiff would have voluntarily resigned, retired, or obtained other employment, and reduce those expected earnings by the interest accrued if the damages were reasonably invested today.

$ _____

7.  Did Plaintiff prove, by a preponderance of the evidence, that he suffered emotional pain and suffering as a result of Defendant's failure to accommodate his disability?

Yes _____    No _____

*If "Yes," continue to Question 8.  If "No," skip to Question 9.*

8.  What amount of money do you award Plaintiff for the emotional pain and suffering that was the direct result of Defendant's failure to accommodate his disability?

$ _____

9.  Has Defendant proven, by a preponderance of the evidence, that it made a good faith effort to comply with anti-discrimination laws?

Yes _____    No _____

*If "Yes," skip to Question 13.  If "No," proceed to Question 10.*

10. Has Plaintiff proven, by a preponderance of the evidence, that a managerial employee of Defendant acted with malice or reckless indifference to Plaintiff's rights under federal and/or New York state law?

Yes _____    No _____

4

11. Has Plaintiff proven that a managerial employee of Defendant engaged in conduct that showed a willful or wanton negligence, or recklessness, with a conscious disregard for Plaintiff's rights under New York City law?

Yes _____    No _____

*If you answered "No" to Questions 8 and 9, skip to Question 13.*

*If you answered "Yes" to Question 8 or Question 9:*

12. Using sound reasoning, what amount of punitive damages, if any, do you award Plaintiff?

$ _____

13. If you did not award any damages in Questions 4, 6, 8, or 12, you must award Plaintiff nominal damages in the amount of $1.00.

$ _____

TOTAL DAMAGES (add the amounts above): $ _____

**You have completed your deliberations. The foreperson shall sign the verdict sheet and notify the Court.**



Foreperson



_May 15, 2026_
Date



5

# COURT EXHIBIT 7

*Trevor Burke v. Consolidated Edison Company of New York, No. 23 Civ. 2111*

**May 15, 2026**

### FINAL JURY INSTRUCTIONS

Members of the Jury: Now that you have the evidence, it becomes my duty to give you instructions concerning the law applicable to this case.  I am going to read my instructions to you.

My instructions to you will be in three parts.

First, I will give you general instructions – for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them from the evidence in this case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Finally, I will give you some instructions for your deliberations.

## I.      ROLE OF THE JURY

You, the members of the jury, are the sole and exclusive judges of the facts.  Your duty is to decide what the facts are from the evidence.  You are allowed to consider the evidence in the light of your own observations and experiences.  After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions.  Do not let sympathy, or your own likes or dislikes, influence you.  You must weigh and consider the evidence without regard to prejudice or passion for or against any party.  It is your duty to accept my instructions as to the law, whether you agree with them or not.  You have taken an oath to follow the law that I give you in my instructions and to apply them to the facts as you determine

1

them. That is how you will reach your verdict. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it. In deciding what testimony to believe, you may consider a number of factors, including the following:

(1) The opportunity and ability of the witness to see or hear or know the things the witnesses testifies to;

(2) The quality of the witness's understanding and memory;

(3) The witness's manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) How reasonable the witness's testimony is when considered in the light of other evidence you believe; and

(7) Any other factors that bear on believability.

The weight of the evidence does not depend on the number of witnesses who testify. A fact may be proved by the testimony of just one witness if you believe that witness. What matters is not how many people testified about something, but how believable and reliable you find that testimony. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, nothing else.

2

<u>The Parties</u>

As you know, the Plaintiff in this case is Trevor Burke.  The Defendant in this case is Consolidated Edison Company of New York.  In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  No party is entitled to any greater or lesser consideration by you.  The fact that one party is a corporation and the other is an individual must not affect your deliberations.  A corporation is entitled to the same fair and impartial consideration as any individual.

<u>Conduct of Counsel</u>

The lawyers are here as advocates for their clients.  They have given you their views of the evidence and their arguments in favor of their client's position.  While you may consider their comments, nothing that the attorneys say is evidence and their comments are not binding upon you.

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence that you may properly use in reaching your verdict.  The first type is direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside.  Also assume the courtroom shades were drawn and you could not look outside.

Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no <u>direct</u> evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact. The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved. It is for you, and you alone, to decide what inferences you will draw.

Importantly, circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. It asks only that you consider all the evidence presented.

<u>What is and what is not evidence</u>

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the documents and other things I receive as exhibits, and (3) the parties' stipulations, that is, the facts that I told you the parties have agreed are true, or other facts I tell you to accept as true.

Nothing else is evidence.

4

Lawyers' statements, arguments, questions, and comments are not evidence. Objections are also not evidence. Lawyers have a right—and sometimes a duty— to object when they believe something should not be part of the trial. Do not be influenced one way or another by objections to any testimony or evidence. If I sustained a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been. If I overruled an objection, that means that I have decided it is legally permissible that certain testimony or evidence to be introduced, but that does not mean that I have decided on its importance or significance. That is for you to decide.

In addition, documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence. Moreover, testimony or exhibits that have been stricken or excluded by me from the record, or told you to disregard, are not evidence and may not be considered by you in rendering your verdict. Do not speculate about what a witness might have said or what an exhibit might have shown. Also, anything you see or hear about this case outside the courtroom is not evidence and you must not consider it.

Along these lines, you will recall that, among the exhibits received in evidence, some documents had portions blacked out, or "redacted." As I previously told you, when you see redactions in the documents, that means that either the parties have agreed, or the Court has ruled, that you should not see the content that has been redacted. Redactions are not evidence, and in considering a redacted document, you should not speculate as to the content of the redaction nor base any decisions on the weight you give the document on the fact that the document contains a redaction. In considering a redacted document, you should only consider the portion of the

5

document visible to you.

Finally, questions that I may have asked the witnesses are not evidence. You must not make any conclusions based on any of my questions, comments, or rulings that I hold any views for or against either of the parties or any of their witnesses. Nothing I said or did during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

<u>Impeachment</u>

A witness may be discredited, or "impeached," by contradictory evidence, or by deposition testimony or evidence showing that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony. If you believe that a witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about anything that is important in proving a claim, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of a mistake or accident or other innocent reason.

<u>Stipulated Facts</u>

The parties have agreed to certain facts in this case. You must accept these facts as true. The stipulated facts are as follows:

(1) Plaintiff Trevor Burke started working for Con Edison in November 2014.

(2) Plaintiff was out of work on paid sick leave from September 14, 2020 to April 14, 2021.

(3) Plaintiff was out of work on unpaid sick leave from April 15, 2021 to September 9, 2021.

6

(4) During the time period of September 2021 to October 2021, Plaintiff was disabled due to medical restrictions limiting him from lifting more approximately 20-25 pounds.

(5) Upon the expiration of Plaintiff's sick leave in September 2021, Plaintiff could not perform the essential functions of the Gas Troubleshooter position due to his lifting restriction.

Use of Depositions

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Preponderance of the Evidence

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether a party has met its burden of proof on a particular issue. In this case, it is the responsibility to Mr. Burke to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A preponderance of the evidence simply means an amount of evidence that is enough to persuade you that Mr. Burke's claims are more likely true than not true. To say it differently: if you were to put the evidence favorable to Mr. Burke and the evidence favorable to Defendant on opposite sides of a scale, Mr. Burke would have to make the scales tip somewhat on his side. If Mr. Burke fails to meet this burden, the verdict must be for the Defendant.

If the proof fails to establish any essential part of Mr. Burke's reasonable accommodation claim by a preponderance of the evidence, you should find for Con Edison as to his claim.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

Expert Testimony

You have heard testimony from Gary Young, who testified as an expert witness.  The rules of evidence allow witnesses with specialized knowledge, training, education, or experience to give their opinions on matters within their area of expertise.  You may consider this expert testimony, together with all the other evidence in this case, and give it the weight you think it deserves. In doing so, you may consider the expert's qualifications, the reasons given for the expert's opinion, and the other evidence in the case.

## II. SUBSTANTIVE ISSUES

That completes my introductory instructions.  Let me now turn to the law that applies to the issues in this case.

Mr. Burke accuses Con Edison of disability discrimination.  Specifically, Mr. Burke is claiming in this lawsuit that Con Edison violated his rights under the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law by failing to accommodate him.

The Federal Discrimination Claim

The ADA protects against discrimination based on someone's disability, including by a

failure to provide a reasonable accommodation.  An employer must provide accommodations for an employee with a disability, so long as the accommodation is reasonable, the employee can perform the essential functions of the job, and such an accommodation would not present an undue burden on the employer.  Here, Mr. Burke claims that Con Edison failed to accommodate his disability by failing to reassign him to a vacant position.  The claim at issue here is different from a wrongful termination claim. The only issue you are being asked to decide is whether Defendant failed to reasonably accommodate the Plaintiff.

In this case, to succeed on his claim, Mr. Burke must prove by a preponderance of the evidence the following things:

First, that there was a reasonable accommodation that was available to Mr. Burke in the form of a vacant position;

Second, that Mr. Burke was qualified for the vacant position, in that he was able to perform the essential functions of that position, with or without reasonable accommodation; and

Third, that Con Edison failed to provide Mr. Burke with that accommodation or offer him some other kind of accommodation.

Reasonable Accommodation

A reasonable accommodation is a modification or adjustment to the work environment or to the way in which a job is performed.  One example of a reasonable accommodation includes, but is not limited to, reassignment to a vacant position so long as the person is qualified for that position.  A reasonable accommodation does not include changing or eliminating any essential function of a job, shifting any of the essential functions of the job to others, creating a new position for disabled individuals, reassigning an individual to a role that they are not qualified to perform,

9

or providing an individual with job-training for a role that they are not qualified for.

Additionally, there may be more than one reasonable accommodation available in any particular circumstance.  Con Edison is not required to provide a particular reasonable accommodation if another reasonable accommodation is available, and Mr. Burke cannot insist on one reasonable accommodation over another that was offered.  Similarly, prior accommodations made to others do not automatically determine whether an accommodation is reasonable under the facts of this case.  In addition, providing an accommodation that goes above and beyond what the law requires does not mean a company has violated the law if it later does not provide that same accommodation.

Here, you must decide whether Mr. Burke could perform the essential functions of a vacant clerical or administrative position.  Mr. Burke does not need to show that he could perform the essential functions of the job he held prior to the onset of his disability.  If you find that Con Edison offered Mr. Burke a reasonable accommodation that would have allowed him to remain employed in a vacant position, and that Mr. Burke unreasonably refused that accommodation, then Mr. Burke cannot prevail on his failure to accommodate claim.  Whether an accommodation is reasonable, or any refusal was unreasonable, is for you to decide.

<u>The Interactive Process</u>

When someone needs a reasonable accommodation, the employer is obligated to initiate an interactive process to explore potential accommodations, and both the employer and the employee are expected to participate in that process in good faith.  If an employer fails to engage in a good faith interactive process, it may be evidence that the employer failed to provide a reasonable accommodation, but it does not prove on its own that the employer failed to provide a

10

reasonable accommodation. If an employee fails to participate in the interactive process in a good faith manner, the employer cannot be found liable of failing to provide a reasonable accommodation.

Here, if you find that there was an interactive process that broke down, you must determine whether Mr. Burke or Con Edison was responsible for that breakdown. If you find that Mr. Burke was responsible for the breakdown, then Con Edison cannot be liable for failing to accommodate him. On the other hand, if you find that Con Edison was responsible for the breakdown, you may consider that in your determination of whether Con Edison failed to accommodate Plaintiff, along with other evidence.

<u>Undue Hardship</u>

Con Edison may defend against Mr. Burke's accusations by showing that an accommodation would impose an undue hardship on the operation of its business. Here, the burden of proof shifts to Con Edison. This means that Con Edison must prove, by a preponderance of the evidence, that an accommodation would impose an undue hardship.

An "undue hardship" is an action that would cause significant difficulty or expense for Con Edison considering the nature and cost of the accommodation, the overall financial resources of Con Edison, the effect of the accommodation on expense and resources, and the impact of the accommodation on the operations of Con Edison, including the impact on the ability of other employees to perform their duties and the impact on Con Edison's ability to conduct business. Minor inconveniences do not constitute undue hardship.

11

State Law Claims

Mr. Burke also alleges that Con Edison discriminated against him because of his disability in violation of New York State law and New York City law.  These state law and city law claims are based on the same facts as his ADA claim which I have just described to you.

Because Mr. Burke's state law and city law claims are substantially the same as his federal claim, you may consider the same factors and reach the same conclusions on his state law and city law claims as his federal claim.

Damages

I will now give you instructions on damages. If you find that Mr. Burke has proved his claims against Con Edison by a preponderance of the evidence, you must determine the damages to which Mr. Burke is entitled. You should not interpret the fact that I am giving you instructions about damages as an indication in any way that I believe Mr. Burke should, or should not, win this case.  Your first task is to decide whether Con Edison is liable for a failure to accommodate.  I am instructing you on damages only so that you will have guidance if you decide that Con Edison is liable for a failure to accommodate and that Mr. Burke is entitled to recover money from Con Edison.

If you find that Mr. Burke is entitled to recover damages, he must prove the amount of those damages by a preponderance of the evidence.  Damages must be based on evidence and not speculation.  However, damages do not need to be proved with mathematical precision.  You may make reasonable estimates based on the evidence presented.  Mr. Burke is only required to present such evidence as might reasonably be expected to be available under the circumstances to prove the loss that is claimed.  You may only award damages for losses that you find were caused by the Defendant's conduct and that have been proven by a preponderance of the evidence.

12

There are three types of damages that you may consider: economic damages, compensatory damages, and punitive damages. I will discuss each of these in turn.

<u>Economic Damages</u>

If you find Con Edison liable for failure to accommodate, you may award as damages an amount that reasonably compensates Mr. Burke for any lost wages and benefits, taking into consideration any increases in salary and benefits, that Mr. Burke would have received had Con Edison provided an accommodation.  This is known as back pay.

In addition to back pay, you may also award "front pay," or "future lost wages."  Front pay is an award for lost compensation during the period between the date of your verdict and the date when Mr. Burke would have voluntarily resigned, retired, or obtained other employment.  It is based on the present cash value of the wages and benefits Mr. Burke would earn during that period of time, had he been accommodated.  Present cash value is the amount of money that, if reasonably invested today, will provide Mr. Burke of with the amount of his future damages.  The reason you must do this is because money received now will, through investment, grow to a larger amount in the future.  This instruction does not apply to non-economic damages such as pain and suffering, which are not reduced to present cash value, and which I will discuss later.

For both potential back pay and potential front pay, you may only award damages that Mr. Burke has proven, by a preponderance of the evidence, it is reasonably certain he would have earned if he had continued to work for Con Edison.

Mr. Burke has a duty to mitigate these damages.  That means that once he was no longer employed by Con Edison, he was required to make reasonably diligent efforts to seek suitable employment.  It is Con Edison's burden to prove, by a preponderance of the evidence, that Mr. Burke failed to mitigate his damages.  Con Edison can do that in two ways.  First, Con Edison can

13

meet its burden by demonstrating that Mr. Burke failed to make any reasonable efforts to find employment after being terminated.  In this scenario, you must not award Mr. Burke any back pay or front pay damages.

Second, even if you find that Mr. Burke made some reasonable efforts to obtain employment after being terminated, Con Edison can prove a failure to mitigate damages by demonstrating, by a preponderance of the evidence, that suitable employment was available and Mr. Burke did not make reasonable efforts to obtain those positions.  In this scenario, you must reduce any award of back pay by the amount Mr. Burke could have earned had he made reasonable efforts to obtain that employment.

Compensatory Damages

In addition to front and back pay, if you find for Mr. Burke on the issue of liability, then you may award him compensatory damages.  That is, you may award a sum of money that you believe will fairly and justly compensate him for any injuries you believe he has proved, by a preponderance of the evidence, were caused by Con Edison's failure to accommodate.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they can also include any physical or mental aspects of injury, even if they are not easy to measure.

In calculating compensatory damages, you may consider any mental and emotional pain and suffering that Mr. Burke may have experienced and is reasonably certain to experience in the future.  No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Mr. Burke for the injury he has sustained as a direct result of Con Edison's failure to accommodate, if

14

any.  You may not award compensatory damages for mental and emotional pain and suffering that is the result of circumstances other than Con Edison's failure to accommodate.

Mr. Burke is not required to introduce medical, psychological, or other expert testimony to prove emotional distress damages.  He may prove emotional distress through his own testimony alone, and you may rely on that testimony if you find it credible.

As I mentioned earlier, my instruction about reducing economic damages to their present cash value does not apply to non-economic damages such as pain and suffering.  These damages are not reduced to present cash value.

Punitive Damages

As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in the jury's discretion.  That is, if you find for Mr. Burke, you may, but are not required to, assess punitive damages against Con Edison.  The purpose of punitive damages is to punish a defendant for their conduct and to serve as an example or warning to Con Edison and others not to engage in similar conduct in the future.

To recover punitive damages under the ADA and the NYSHRL, Mr. Burke must prove, by a preponderance of the evidence, that that a managerial employee of Con Edison acted with malice or reckless indifference to his rights. Conduct is in reckless indifference if it is undertaken with knowledge that it may violate the law.

To recover punitive damages under the NYCHRL, but only the NYCHRL, you may assess punitive damages if you find, by a preponderance of evidence, that Con Edison's managerial employees acted with willful or wanton negligence, or recklessness, with a conscious disregard of Mr. Burke's rights, or conduct so reckless that it amounts to such disregard.

You should not, however, award Mr. Burke punitive damages if Con Edison proves that it

15

made a good faith effort to comply with anti-discrimination laws.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party.   In determining the amount of any punitive damages, you should consider the following factors:

(1)  The reprehensibility of Con Edison's conduct;

(2)  The impact of Con Edison's conduct on Mr. Burke;

(3)  The relationship between Mr. Burke and Con Edison;

(4)  The likelihood that Con Edison would repeat the conduct if an award of punitive damages is not made;

(5)  Con Edison's financial condition; and

(6)  The relationship of any award of punitive damages to the amount of harm you find Mr. Burke suffered.

The instruction about reducing economic damages to present cash value does not apply to punitive damages, which are not reduced to present cash value.

<u>Nominal Damages</u>

If you return a verdict in Mr. Burke's favor, but find that he failed to meet his burden of proving, by a preponderance of the evidence, that he suffered any actual injury, then you must return an award of damages in some nominal or token amount such as one dollar.

**III. Concluding Instructions**

16

Selection of Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with me when questions arise and when you have reached a verdict. The foreperson is also who will be asked in open court to pass your completed Verdict Form to me.

Sending Notes

You may have questions or comments for me as you deliberate. If you do, you can communicate with me by sending notes using forms and envelopes that you will be provided for that purpose. Your notes to me should be signed by the foreperson and should include the date and time they were sent. They should also be as clear and as precise as possible, as they will become part of the record in this case. Do not tell me or anyone else how you stand on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations. In addition, you will also be provided with a list of all the exhibits that were received into evidence.

If you prefer to view any evidence here in the courtroom or if you want any of the testimony submitted to you or read back to you, you may also request that. Keep in mind that if you ask for testimony, however, the court reporter must search through his or her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

17

Again, your requests for testimony - in fact, any communication with the Court – should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's view to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be submitted or read back to you.

Duty to Deliberate

The most important part of this case is the part that you as jurors are now about to play as you deliberate on the issues of fact. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues joined in this case and render a true verdict.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold the center stage in the jury room, and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

18

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors—that is, the split of the note—to anyone, including me, at any time during your deliberations.

<u>Return of the Verdict</u>

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

As you will see, the Verdict Form is kind of like those old "choose your own adventure" books.  Depending on your answer to a question or questions, you will be directed to either answer another question or to sign the Verdict Form.  You should draw no inference from the questions on the Verdict Form as to what your verdict should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

When you have completed the Verdict Form, please review your answers to ensure that they accurately reflect your unanimous determinations.  If they do, the foreperson should note the date and time and you should all sign the Verdict Form.  The foreperson should then give a note—not the Verdict Form itself—to the Court Security Officer outside your door, stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that all of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

19

<u>Closing Comments</u>

Thank you again for your service and for the care and attention you have given this case, and for your thoughtfulness in the deliberations ahead of you.

**DRAFT – MAY 14, 2026**

**JURY VERDICT FORM**

*NOTE: BEFORE ANY ANSWER CAN BE MADE TO ANY OF THE QUESTIONS LISTED BELOW, THERE MUST BE UNANIMOUS AGREEMENT AS TO THE ANSWER.*

## SECTION A: LIABILITY

1. Has Plaintiff proven, by a preponderance of the evidence, that there were one or more vacant positions at Con Edison?

   Yes _____      No _____

   *If "No," you must skip to Question 6, and you must find in favor of Defendant on that question.*

2. Has Plaintiff proven, by a preponderance of the evidence, that Plaintiff was qualified for any vacant position at Con Edison, in that he was able to perform the essential functions of any of those positions, with or without reasonable accommodation?

   Yes _____      No _____

   *If "No," you must skip to Question 6, and you must find in favor of Defendant on that question.*

3. Has Plaintiff proven, by a preponderance of the evidence, that Defendant failed to provide Plaintiff with that accommodation, or offer him some other kind of accommodation?

   Yes _____      No _____

   *If "No," you must skip to Question 6, and you must find in favor of Defendant on that question.*

4. Has Defendant proven, by a preponderance of the evidence, that any failure to engage in an interactive process to determine whether a reasonable accommodation was available was due to Plaintiff's failure to engage in good-faith?

   Yes _____      No _____

   *If "Yes," you must skip to Question 6 and you must find in favor of Defendant on that question.*

5. Has Defendant proven, by a preponderance of the evidence, that providing a reasonable accommodation would have imposed an undue hardship on Defendant's business?

Yes _____    No _____

*If "Yes," you must find in favor of Defendant on Question 6.*

*If you answered "Yes" to Questions 1 through 3, and "No" to Questions 4 and 5, you must find for Plaintiff on Question 6.*

6. On Plaintiff's claims, we, the jury, find in favor of:

Plaintiff (Trevor Burke) _____        Defendant (Con Edison) _____

**If you found for Plaintiff Trevor Burke, please proceed to Section B.**

**If you found for Defendant Con Edison, you are finished with your deliberations.  Please skip all remaining questions, have the foreperson sign the verdict sheet, and notify the Court that you have concluded your deliberations.**

**SECTION B: DAMAGES**

1. Did Plaintiff prove, by a preponderance of the evidence, that he suffered lost wages because of Defendant's failure to provide a reasonable accommodation for his disability?

   Yes _____    No _____

   *If "Yes," continue to Question 2.  If "No," skip to Question 5.*

2. Did Defendant prove, by a preponderance of the evidence, that Plaintiff failed to make any reasonable efforts to seek suitable employment?

   Yes _____    No _____

   *If "Yes," skip to Question 7.  If "No," continue to Question 3.*

3. Did Defendant prove, by a preponderance of the evidence, that suitable employment was available, and Plaintiff did not make reasonable efforts to obtain those positions?

   Yes _____    No _____

4. What amount of past lost wages (back pay) do you award Plaintiff?

   In calculating this amount, you must deduct wages Plaintiff actually earned from other employment.  If you answered "Yes" to Question 3, you must also reduce the amount by the wages you find Plaintiff could have earned had he made reasonable efforts to obtain suitable employment.

   $ _____

5. Did Plaintiff prove, by a preponderance of the evidence, that it is reasonably certain he would have earned future earnings if Defendant had reassigned him to a vacant position?

   Yes _____    No _____

   *If "Yes" continue to Question 6. If "No" proceed to Question 7.*

3

6.  What amount of front pay do you award Plaintiff?

In calculating this amount, you should consider when Plaintiff would have voluntarily resigned, retired, or obtained other employment, and reduce those expected earnings by the interest accrued if the damages were reasonably invested today.

$ _____

7.  Did Plaintiff prove, by a preponderance of the evidence, that he suffered emotional pain and suffering as a result of Defendant's failure to accommodate his disability?

Yes _____    No _____

*If "Yes," continue to Question 8.  If "No," skip to Question 9.*

8.  What amount of money do you award Plaintiff for the emotional pain and suffering that was the direct result of Defendant's failure to accommodate his disability?

$ _____

9.  Has Defendant proven, by a preponderance of the evidence, that it made a good faith effort to comply with anti-discrimination laws?

Yes _____    No _____

*If "Yes," skip to Question 13.  If "No," proceed to Question 10.*

10. Has Plaintiff proven, by a preponderance of the evidence, that a managerial employee of Defendant acted with malice or reckless indifference to Plaintiff's rights under federal and/or New York state law?

Yes _____    No _____

11. Has Plaintiff proven that a managerial employee of Defendant engaged in conduct that showed a willful or wanton negligence, or recklessness, with a conscious disregard for Plaintiff's rights under New York City law?

Yes _____    No _____

*If you answered "No" to Questions 8 and 9, skip to Question 13.*

*If you answered "Yes" to Question 8 or Question 9:*

12. Using sound reasoning, what amount of punitive damages, if any, do you award Plaintiff?

$ _____

13. If you did not award any damages in Questions 4, 6, 8, or 12, you must award Plaintiff nominal damages in the amount of $1.00.

$ _____

TOTAL DAMAGES (add the amounts above): $ _____

**You have completed your deliberations. The foreperson shall sign the verdict sheet and notify the Court.**

_____      _____
Foreperson                                        Date

5