UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR BURKE,<br>Plaintiff,<br>v.<br>CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,<br>Defendant. | 23 Civ. 2111 (DEH)<br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Following a five-day jury trial, on May 15, 2026, an eight-person jury returned a unanimous verdict in favor of Defendant Consolidated Edison Company of New York, Inc. ("Defendant" or "Con Edison") on Plaintiff Trevor Burke's ("Plaintiff" or "Burke") failure to accommodate claims brought under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). ECF No. 132. Immediately following the reading of the verdict, Plaintiff stated that he would not be making any post-trial motions. Trial Tr. 1137:24-1138:1. Despite this, the Court ordered that the parties meet and confer and file a letter on the docket by May 22, 2026, indicating whether Plaintiff intended to file any post-trial motions and, if so, to propose a briefing schedule for any such motions. *Id.* at 1138:8-16. No such letter was filed with the Court.

Notwithstanding Plaintiff's prior representations, Plaintiff filed a motion for a new trial on June 15, 2026, arguing that the Court improperly "instructed the jury that Plaintiff's claims under the Americans with Disabilities Act . . . , the New York State Human Rights Law . . . , and the NYCHRL were 'substantially the same,' and that the jury could 'consider the same factors and reach the same conclusions' on the state and city claims as on the federal ADA claim." ECF No. 136 at 5. For the reasons stated herein, the motion for a new trial is **DENIED**.

## RELEVANT BACKGROUND

Plaintiff initiated this lawsuit on March 13, 2023, alleging—in relevant part—that Con Edison failed to accommodate him by reassigning him to a vacant position after he developed a disability, in violation of the ADA, NYSHRL, and NYCHRL. ECF No. 1. Following discovery, Defendant moved for summary judgment, ECF No. 33, which was granted in part and denied in part, ECF No. 65 at 1. In the Court's Opinion denying summary judgment with respect to Plaintiff's failure to accommodate claims, the Court noted that "'[s]imilar requirements apply to claims of failure to accommodate brought under the NYSHRL or the NYCHRL,' and the parties have not offered any reason why Burke's NYSHRL and NYCHRL claims should not rise and fall with his ADA claims." ECF No. 65 at 23-24 (quoting *Williams v. MTA Bus Co.*, 44 F.4th 115, 125 (2d Cir. 2022)).

As trial approached, the parties submitted a Joint Pretrial Statement that included proposed jury instructions and verdict sheets. ECF No. 85. Plaintiff and Defendant disagreed as to the proposed verdict sheets, *compare* ECF No. 85-5 (Plaintiff's proposed verdict sheet) *with* ECF No. 85-6 (Defendant's proposed verdict sheet), and offered side-by-side proposals for those jury instructions to which the parties could not agree, ECF No. 85-4. Plaintiff's proposed jury instructions for the elements of his failure to accommodate claim stated,

> [T]o succeed on [his] claim, Mr. Burke must prove by a preponderance of the evidence the following things:
>
> First, that a reasonable accommodation was available in the form of reassignment to a vacant position for which Mr. Burke could perform the essential functions; and
>
> Second, that Defendant failed to provide such reasonable accommodation.

ECF No. 85-4 at 16. Plaintiff's proposed jury instruction on the definition of "reasonable accommodation" stated,

> A reasonable accommodation is a modification or adjustment to the work environment or to the manner in which a job is performed that enables an individual with a disability to enjoy equal employment opportunities. . . . A reasonable accommodation does not include changing or eliminating any essential function of a job, shifting any of the essential functions of the job to others, creating a new position for disabled individuals, reassigning an individual to a role for which he was not qualified, or providing an individual with job-training for a role for which he was not qualified.
>
> For purposes of Plaintiff's claim, the relevant question is whether Plaintiff could perform the essential functions of a vacant clerical or administrative position. . . .

*Id.* at 17-18. Plaintiff's proposed jury instructions noted the different standards required to recover punitive damages under the ADA and under the NYCHRL. *Id.* at 39-40. Additionally, Plaintiff's proposed verdict sheet asked the jury to decide whether "Plaintiff [has] proven, by a preponderance of the evidence, that Defendant could have reasonably accommodated his disability by reassigning him to a vacant position, for which he could perform the essential functions, thereby allowing him to remain employed?" ECF No. 85-5 at 3.

Prior to the final pretrial conference, the Court circulated a draft of the preliminary charge for the parties to review. Bisbee Decl. Ex. A, ECF No. 143-1. With respect to the NYSHRL and the NYCHRL claims, the draft preliminary charge stated, "[b]ecause Plaintiff's state law and city law claims are substantially the same as his federal claim, you may consider the same factors and reach the same conclusions on his state law and city law claims as his federal claims." *Id.* at 9. At the final pretrial conference, Plaintiff's trial counsel noted that the NYCHRL was "a little broader" than the draft preliminary charge represented, stating that "the state and city law[s] . . . are mostly analogous [to the federal claims]. The only difference is the New York City Law does have the independent standalone claim of the cooperative dialogue." Conference Tr. 72:15-20, May 6, 2026. After some discussion regarding Plaintiff's failure to propose a jury instruction on,—let alone plead—a standalone NYCHRL cooperative dialogue claim, Plaintiff's trial counsel

affirmatively withdrew his request to include separate language on cooperative dialogue under NYCHRL in the preliminary charge. *Id.* 73:1-75:7. Accordingly, the final preliminary charge delivered to the jury was unchanged on this point. Trial Tr. 46:7-15.

On the second day of trial, the Court circulated draft jury instructions to the parties for their consideration. Bisbee Decl. Ex. D, ECF No. 143-4. With respect to Plaintiff's state and city law claims, the language in the draft jury instructions was substantially the same as the language in the final preliminary charge delivered to the jury. *Id.* at 11. Plaintiff's trial counsel emailed a redlined version of the draft jury instructions to Defendants and the Court the following day. Bisbee Decl. Ex. E, ECF No. 143-5. Plaintiff's proposed edits, which were discussed in detail at the final charge conference, Trial Tr. 937:20-944:3, suggested no changes to the draft jury instructions on Plaintiff's state and city law claims, Bisbee Decl. Ex. E at 11. Further, with respect to the elements Plaintiff had to prove, Plaintiff made no changes to the second element, "that Mr. Burke was qualified for the vacant position, in that he could have performed the essential functions of that position," except to add "with or without reasonable accommodation." *Id.* at 9. Defendant made no objection to this suggested addition. Trial Tr. 943:8-15. Upon discussion of Defendant's suggested edits to the draft jury instructions, Plaintiff's trial counsel agreed that his state, city, and federal claims "rise and fall on the same factors." *Id.* at 983:22-24.

In addition to the draft jury instructions, the draft verdict sheet was also discussed during the final charge conference. The draft verdict sheet shared with the parties in advance of the final charge conference adopted Plaintiff's proposed language with respect to liability. Bisbee Decl. Ex. F, ECF No. 143-6. That is, the draft verdict sheet asked the jury to decide whether "Plaintiff [has] proven, by a preponderance of the evidence, that Defendant could have reasonably accommodated his disability by reassigning him to a vacant position, for which he could perform the essential functions, thereby allowing him to remain employed?" *Compare id. with* ECF No.

85-5 at 3. At the final charge conference, Plaintiff's trial counsel stated that he did not "have any objections or changes or anything to the verdict sheet as it is." Trial Tr. 1000:22-23. Defendant, on the other hand, requested that the language regarding liability be broken out into three separate questions, mirroring the jury charge's description of the three elements of a failure to accommodate claim. *Id.* 1000:25-1002:10. Plaintiff's trial counsel argued that Defendant's proposal "would make it more difficult for the jury" and that the instruction was "sufficient as it is." *Id.* 1002:11-16. Ultimately, the Court agreed with Defendant and noted that the parties "have agreed that these are the three elements," and specifically stated that "[t]here isn't a disagreement that these are the elements at least as we've formulated them with some of the wordsmithing that's happened today." *Id.* 1003:12-22.

Revised copies of the jury instructions and verdict sheet reflecting the discussion at the final charge conference were shared with the parties. Bisbee Decl. Ex. G, ECF No. 143-7. The next morning, prior to closing statements and charging the jury, the Court asked the parties if there were any issues with either document. Trial Tr. 1010:3-4. Both Plaintiff's trial counsel and Defendant's counsel affirmatively stated that they had no issues with the jury instructions or the verdict sheet. *Id.* 1010:5-7.

The jury deliberated for approximately four hours, during which time it asked three questions related to the definition of "accommodation" and how vacant positions at Con Edison had been identified. ECF No. 131, Court Exs. 2-4. No questions were asked about Plaintiff's qualifications for any vacant positions. *Id.* When the jury returned its verdict in favor of Defendant, it determined that Plaintiff had proven by a preponderance of the evidence that there was one or more vacant positions at Con Edison, but it answered "No" as to whether Plaintiff had proven by a preponderance of the evidence that he was qualified for any vacant positions. ECF

No. 131, Court Ex. 6. Consistent with the verdict sheet instructions, the jury did not answer any further questions and found for Defendant. *Id.*

## LEGAL STANDARD

At the conclusion of a jury trial, Federal Rule of Civil Procedure 59 allows the court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court" upon a motion of either party.[1] Fed. R. Civ. P. 59(a)(1)(A). The standard for granting a new trial is a demanding one, as "jury verdicts should be disturbed with great infrequency." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012). Indeed, "a court will grant a new trial under Rule 59(a)(1) 'if and only if the verdict is seriously erroneous or a miscarriage of justice.'" *Rhee-Karn v. Lask*, 797 F. Supp. 3d 343, 357 (S.D.N.Y. 2025) (quoting *Farrior v. Waterford Bd. of Educ.*, 277 F. 3d 633, 635 (2d Cir. 2002)). Further, "[i]t is well-established that a jury charge is erroneous if the instruction misleads the jury as to the proper legal standard, or it does not adequately inform the jury of the law." *Luciano v. Olsten Corp.*, 110 F.3d 210, 218 (2d Cir. 1997). "A principle that strikes very deep[,]" however, "is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result." *SEC v. Gallagher*, No. 21 Civ. 8739, 2026 WL 1785231, at *4 (S.D.N.Y. June 18, 2026).

## DISCUSSION

Plaintiff's principal argument is that under the NYCHRL, whether a plaintiff is qualified for a vacant position is not an element of the plaintiff's prima facie case, but rather an affirmative defense that can be raised by an employer. Pl.'s Reply at 1, ECF No. 148. Despite this distinction

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

between the NYCHRL and the ADA, the jury charge and verdict sheet treated Plaintiff's qualifications as an element of his failure to accommodate claims under the federal, state, and city laws. *Id.* at 1-2. Defendant argues that there is no error because Plaintiff waived the objection he now raises. Def.'s Opp'n at 8-12, ECF No. 142.

Objections to jury instructions are governed by Federal Rule of Civil Procedure 51, which requires any objection to be made "on the record" and must "stat[e] distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). Further, an objection must be made prior to the jury's deliberations. *Lavoie v. Pac. Press & Shear Co.*, 975 F.2d 48, 55 (2d Cir. 1992). "The purpose of the Rule is to allow the trial court an opportunity to cure any defects in the instructions before sending the jury to deliberate." *Fogarty v. Near N. Ins. Brokerage, Inc.*, 162 F.3d 74, 79 (2d Cir. 1998). A party waives an objection when it "intentional[ly] relinquish[es] or abandon[s] . . . a known right." *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 187 (2d Cir. 2026) (citing *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 n.1 (2017)). Waiver is distinct from forfeiture, which "is the failure to make the timely assertion of a right." *Id.* Whereas a court may consider a claim that has been forfeited upon a finding of plain error, "waiver necessarily extinguishes the claim altogether." *United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995).

Courts have consistently found that a party waives objections to jury instructions when the objections arise from affirmative proposals made by the objecting party to the court. *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017) ("[W]e conclude that, having proposed nearly identical charging language, . . . Caltabiano waived any objection to this instruction."); *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) ("[I]f a party invited the charge[,] . . . she has waived any right to appellate review of the charge."); *Feeley v. City of N.Y.*, 362 F. Supp. 3d 153, 159-60 (S.D.N.Y. 2019) ("Even if this Court's instruction to the jury was erroneous . . . , any

error was invited error" because "it was Feely's Alternate Instruction . . . that was the basis for the Court's instruction to the jury."); *see also United States v. Wells*, 519 U.S. 482, 488 (1997) ("[A] party may not complain on appeal of errors that he himself invited or provoked the [district] court to . . . commit."). Courts have also found that a party's failure to object to a jury instruction prior to deliberation results in waiver of any objection. *Lavoie*, 975 F.2d at 55 ("Failure to object to a jury instruction . . . prior to the jury retiring results in a waiver of that objection."); *Rusfeldt v. City of N.Y.* 806 F. Supp. 3d 417, 426 (S.D.N.Y. 2025) ("Rusfeldt had a full and fair opportunity to object to the jury instructions. The Court provided all parties with a copy and reviewed it with the parties. Accordingly, this objection that Rusfeldt now raises for the first time is deemed waived . . . .").

Here, Plaintiff waived any argument premised on the jury instruction's failure to distinguish between the elements of a failure to accommodate claim under the ADA and the NYCHRL because Plaintiff himself proposed the language in the jury instruction and verdict sheet to which he now objects. Further, the objections are untimely, as Rule 51 clearly requires such objections to be made prior to jury deliberations. Nowhere in Plaintiff's proposals did Plaintiff differentiate between the elements of failure to accommodate claims under the NYCHRL and the ADA. While Plaintiff's trial counsel noted the NYCHRL's broader cooperative dialogue protections, he ultimately withdrew any objection on this point. And Plaintiff's trial counsel repeatedly affirmatively stated Plaintiff's position that the federal, state, and city claims "rise and fall on the same factors."

On this motion, Plaintiff urges the Court to find forfeiture rather than waiver, arguing that his "trial counsel used a unitary accommodation formulation" to describe the elements of Plaintiff's federal, state, and city claims because counsel failed to "recogniz[e] the distinct City-law burden, not that counsel made a deliberate tactical election to surrender it." Pl.'s Reply at 3,

ECF No. 148. But the record belies that contention. Plaintiff's trial counsel, who practices at a law firm specializing in employment law, clearly understood that there are differences between the ADA and the NYCHRL. As noted above, Plaintiff's proposed instructions recognized different standards required to recover punitive damages under the ADA and the NYCHRL; and trial counsel also noted on the record that the NYCHRL, unlike the ADA, provides for a standalone claim for cooperative dialogue, but ultimately withdrew any request to have separate instructions on such a claim. Given that trial counsel affirmatively acknowledged certain distinctions between the two laws, the fact that the proposed jury instructions did not make another distinction does not compel the conclusion that trial counsel made a mistake on the law rather than a strategic decision.

Because "waiver necessarily extinguishes the claim altogether[,]" *Yu-Leung*, 51 F.3d at 1121, the Court need not conduct any review for plain error.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for a new trial is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF No. 136.

SO ORDERED.

Dated: October 9, 2026
New York, New York

DALE E. HO
United States District Judge